Russell G. Wheeler (RW8995)
Charny & Wheeler P.C.
9 West Market Street
Rhinebeck, New York 12572
Tel - (845) 876-7500
Fax - (845) 876-7501
rwheeler@charnywheeler.com

Attorneys for Plaintiff


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BETH ANN ZEHNBAUER,

                          Plaintiff,

           v.

INTERNATIONAL BUSINESS MACHINES
CORPORATION and GARY SCHNEIDER, in his
individual capacity, and TRACEY ARMSTRONG, in
her individual capacity,

                          Defendants.

Civil Action No.

COMPLAINT


     1.     Plaintiff Beth Zehnbauer, by and through her attorneys Charny & Wheeler P.C.,

brings this Complaint against Defendants and in support thereof states as follows:

<u>NATURE OF THE ACTION</u>

     2.     This is an action for damages and other relief against defendant International

Business Machines Corporation (herein IBM or Corporate Defendant) under the Americans with

Disabilities Act (herein the ADA) and against Corporate Defendant, defendant Gary Schneider

(herein Defendant Schneider) and defendant Tracey Armstrong (herein Defendant Armstrong)

(collectively herein Defendants) under the ADA Article 15 of the New York Executive Law,

based on Defendants' unlawful termination of Plaintiff from employment because of her

1

disability, record of disability, and/or because Defendants perceived Plaintiff as disabled and in retaliation against Plaintiff because she engaged in protected activity with respect to her disability and/or the disability of an individual with whom she was associated.

JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 in that Plaintiff's claims are brought under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, 12117 and 42 U.S.C. § 1981a.  Supplemental jurisdiction over Plaintiff's state and local law claims by pursuant to 28 U.S.C. § 1367.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as Defendants' unlawful employment practices were committed in the County of Westchester, State of New York, within the Southern District of New York.

PARTIES

5.      Plaintiff Beth Zehnbauer (herein Plaintiff) is a fifty-six (56) year-old female who resides in Dutchess County, New York.

6.      Upon information and belief, at all times relevant herein, Corporate Defendant is a for-profit business corporation organized and existing under the laws of New York and having a principle place of business located in Armonk, Westchester County, New York.

7.      Upon information and belief, at all times relevant herein, Corporate Defendant employed in excess of fifteen (15) employees.

8.      Upon information and belief, at all times relevant herein, Corporate Defendant operated as a producer and seller of computer hardware, middleware and software, a provider of hosting and consulting services in associated areas and research organization in the area of computer and information technologies.

2

9.     Upon information and belief, at all times relevant herein, Corporate Defendant produced and sold goods, provided services and performed research within Westchester and Dutchess Counties, State of New York.

10.    Upon information and belief, at all times relevant herein, Corporate Defendant derived substantial revenue from its sale of the above-described goods and services within Westchester and Dutchess Counties, State of New York.

11.    Upon information and belief, at all times relevant herein, Defendant Schneider was employed by Corporate Defendant as the Chief Technology Officer and Vice President of Technical Leadership, Growth Markets Unit and/or Vice President, Global Technical Sales, IBM Global Markets, both in Armonk, Westchester County, State of New York.

12.    At all times relevant herein, Defendant Schneider acted directly or indirectly in the interest of Corporate Defendant.

13.    As described herein, Defendant Schneider participated directly in the adverse employment actions culminating in the termination of Plaintiff's employment because of Plaintiff's disability, the record of such disability, because he perceived Plaintiff to be disabled, and/or Plaintiff's association with a disabled individual and/or because Plaintiff engaged in a protected activity in connection with her disability and/or the disability of an individual with whom she was associated.

14.    Upon information and belief, at all times relevant herein, Defendant Schneider was a domiciliary of the State of New York.

15.    Upon information and belief, Defendant Schneider currently resides in Westchester County, State of New York.

16.     Upon information and belief, at all times relevant herein, Defendant Armstrong was employed by Corporate Defendant as Senior Human Resources Partner, Global Markets in Ithaca, Tomkins County, State of New York.

17.     At all times relevant herein, Defendant Armstrong acted directly or indirectly in the interest of Corporate Defendant.

18.     As described herein, Defendant Armstrong participated directly in the adverse employment actions culminating in the termination of Plaintiff's employment because of Plaintiff's disability, the record of such disability, because she perceived Plaintiff to be disabled, and/or Plaintiff's association with a disabled individual and/or because Plaintiff engaged in a protected activity in connection with her disability or the disability of an individual with whom she was associated.

19.     Upon information and belief, at all times relevant herein, Defendant Armstrong was a domiciliary of the State of New York.

20.     Upon information and belief, Defendant Armstrong currently resides in Tomkins County, State of New York.

<u>BACKGROUND</u>

21.     In or about February 1998, Corporate Defendant hired Plaintiff to work in its WW Development Financial Planning department, in Armonk, Westchester County, New York.

22.     In or about 2014, after holding several positions with Corporate Defendant, Plaintiff was promoted to Director of WW THINKLab, in Armonk, Westchester County, New York.

23.     As Director of WW THINKLab, Plaintiff's primary responsibilities included providing technology services to Corporate Defendant's clients.

4

24.     As Director of WW THINKLab, Plaintiff reported to and was supervised by Defendant Schneider.

25.     At all times relevant herein, Plaintiff's husband was enrolled in a covered by an IBM health insurance plan by virtue of Plaintiff's employment.

26.     At all times relevant herein, Corporate Defendant's policies as applicable to Plaintiff included providing up to three (3) years of leave for absence for virtually any purpose, including but not limited to an employee's own medical condition/diosability or the medical condition/disability of a member of an employee's family.

<u>PLAINTIFF'S INITIAL LEAVES OF ABSENCE</u>

27.     In or about 2005, Plaintiff was diagnosed with congenital hip dysplasia, for which she requested and was approved for leaves of absence in 2006 and 2009.

28.     At all times relevant herein, Plaintiff's hip dysplasia interfered with one of major life activities, including walking, climbing and standing.

29.     In or about June 2015, was required to undergo surgery to address her hip dysplasia.

30.     To accommodate her surgery and recovery, Plaintiff requested and was granted a leave of absence from June 19, 2015 until August 10, 2015.

31.     Plaintiff thereafter requested extensions of her leave through December 31, 2015 to recover from surgery to address her Dysplasia and to care for her father, who had been diagnosed with cancer.

32.     Corporate Defendant granted Plaintiff's requests to extend her leave but advised that it could not hold Plaintiff's position open through the end of her requested leave and that she would be required to find a new position with Corporate Defendant.

33.     Plaintiff thereafter attempted to identify new positions with Corporate Defendant for which she was suited.

34.     Corporate Defendant thereafter extended Plaintiff's leave of absence through October 1, 2016 to provide additional Plaintiff additional time in which to find a new position.

<u>PLAINTIFF'S HUSBAND IS DIAGNOSED WITH TERMINAL CANCER AND
PLAINTIFF REQUESTS EXTENSIONS OF HER LEAVE OF ABSENCE</u>

35.     In or about May 2016, Plaintiff's husband was diagnosed with terminal cancer.

36.     In or about June 2016, Plaintiff informed Defendant Schneider of her husband's cancer diagnosis and advised that she did not believe that she would be able to return to work in October 2016 as previously agreed.

37.     At all times relevant herein, Plaintiff's husband's terminal cancer interfered with one or more his major life activities, including his ability to care for himself, perform manual tasks, sleep, concentrate, think, communicate and work.

38.     As a result of her husband's terminal diagnosis, Plaintiff began to suffer from depression and anxiety relating to his condition.  At all times relevant herein, Plaintiff's depression and anxiety interfered with one or more major life activities, including sleeping, thinking, concentrating and interacting with others.

39.     On or about August 26, 2016, Plaintiff requested an extension of her leave of absence to continue to care for her husband and to accommodate her emotional disability arising from his diagnosis.

40.     Defendants did not ask for additional information concerning Plaintiff's request and extended her leave of absence by one (1) year, to October 1, 2017.

41.     On or about August 3, 2017, Plaintiff advised Defendant Schneider that her husband was still receiving treatment and requested to further extend her leave of absence.

42.     Defendants did ask for request additional information concerning Plaintiff's request and extended her leave by one (1) year, to October 1, 2018.

## PLAINTIFF IS DIAGNOSED WITH AND BEGINS
## TREATING FOR MAJOR DEPRESSIVE DISORDER

43.     In or about October 2017, Plaintiff received a diagnosis of Major Depressive Disorder, Anxiety and Post-Traumatic Stress Disorder related to her husband's illness and terminal diagnosis and began receiving treatment for same.

44.     On February 17, 2018, Plaintiff's husband died of cancer and Plaintiff advised Defendant Schneider of his passing.

45.     Hours later, Defendant Schneider offered Plaintiff his "thoughts and prayers" and asked if Plaintiff had considered when she would be able to return to IBM.

46.     Plaintiff thereafter responded that she was not yet ready to return to work due to the emotional toll of caring for her husband and his passing.

## PLAINTIFF'S IS SELECTED FOR TERMINATION

47.     Sometime in February 2018, Corporate Defendant's Global Industry Solution Centers and Innovative Programs department underwent a reduction in force.

48.     As a result, Corporate Defendant instructed Defendant Schneider to evaluate his department and reduce the number of people on his team.

49.     In response, Defendant Schneider selected Plaintiff for termination expressly because of the fact that she was on a leave of absence.

50.     Plaintiff's leave of absence as approved through October 2018 was explicitly related to and occasioned by her husband's terminal cancer condition and Plaintiff's depression and anxiety associated with it.

51.     On or about March 29, 2018, Defendant Schneider notified Plaintiff that her employment with Corporate Defendant would be terminated effective June 27, 2018.

52.     Corporate Defendant's notice of termination advised that prior to the effective date of her termination, Plaintiff could apply for other positions with Corporate Defendant.

53.     Defendant Schneider incorrectly designated the termination of Plaintiff's employment as an "elimination of position" rather than as "a reduction in force."

54.     Had he correctly designated Plaintiff's termination as a "reduction in force," Defendant Schneider would have been required to substantively compare Plaintiff to other potential candidates for termination.

55.     Upon information and belief, had Defendant Schneider correctly designated Plaintiff's termination as an "elimination of position," Plaintiff would not have been selected for termination.

56.     Upon information and belief, Defendant Schneider incorrectly designated Plaintiff's termination in order to cause her separation from employment.

PLAINTIFF REQUESTS A REASONABLE ACCOMODATION

57.     On or about April 12, 2018, Plaintiff contacted Defendant Armstrong to request that Corporate Defendant extend the effective date of her termination from June 27, 2018 to August 1, 2018.

58.     Specifically, Plaintiff reiterated that she suffered from a qualifying disability under the Americans with Disabilities Act in the form of clinical depression, anxiety and post-traumatic stress disorder as result of her husband's illness and death; that as a result of such disability, Plaintiff was unable to effectively prepare for and apply for other positions with Corporate Defendant prior to the effective termination date of June 27, 2018; and that as a

reasonable accommodation, Plaintiff requested that Corporate Defendant extend the effective date of her termination to allow her "a fair chance to apply and find a job given I am in no shape to compete right now given my emotional state."

59.     With the aforementioned accommodation, Plaintiff would have been able to identify, apply for and obtain a replacement position with Corporate Defendant.

60.     Corporate Defendant and Defendant Armstrong refused to provide Plaintiff with the requested accommodation.

61.     On or about June 27, 2018, Corporate Defendant terminated Plaintiff's employment.

**PLAINTIFF'S ELECTION OF REMEDIES AND
EEOC AUTHORIZATION TO COMMENCE THIS ACTION**

62.     On or about December 11, 2018, Plaintiff filed a verified complaint with the New York State Division of Human Rights (herein NYSDHR) charging Corporate Defendant with unlawful discriminatory and retaliatory practices relating to employment because of disability in violation of Article 15 of the N.Y. Executive Law and a charge of discrimination with the Equal Employment Opportunity Commission (herein EEOC) alleging discrimination and retaliation on the basis of disability in violation of the Americans with Disabilities Act and amendments thereto.

63.     On or about January 9, 2020, Plaintiff requested to NYSDHR to annul her election of remedies pursuant to N.Y. Executive Law Section 297(9).

64.     On or about January 19, 2020, NYSDHR granted Plaintiff's request to annul her election of remedies and dismissed her complaint.

65.     The EEOC issued Plaintiff a Notice of Right to Sue on June 16, 2020.

66.     Plaintiff brings this action within ninety (90) days of the receipt of a Notice of Right to Sue.

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>

67.     Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs of this Complaint as if set forth fully herein.

68.     Corporate Defendant discriminated against Plaintiff by terminating Plaintiff from employment because of her disability, her record of disability, Corporate Defendant's perception that Plaintiff was disabled and/or Plaintiff's association with a disabled individual.

69.     By engaging in such discrimination, Corporate Defendant violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 <u>et seq.</u>

70.     As a proximate result of Corporate Defendant's discriminatory acts, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>

71.     Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs of this Complaint as if set forth fully herein.

72.     Defendants Schneider and Armstrong are subject to individual liability for their discriminatory actions under New York Executive Law § 296(6).

73.     Defendants discriminated against Plaintiff by terminating Plaintiff from employment because of her disability, her record of disability, Defendants' perception that Plaintiff was disabled, and/or Plaintiff's association with a disabled individual.

74.     Defendants Schneider and Armstrong aided and abetted such retaliation.

75.     By engaging in such discrimination, Defendants violated the New York Executive

Law §§ 292 and 296 et seq.

76.     As a proximate result of Defendant's discriminatory acts, Plaintiff has suffered

and continues to suffer substantial losses, including the loss of past earnings, the loss of future

earnings, the loss of other employment benefits and mental anguish and emotional distress in an

amount to be proved at trial.

AS AND FOR A THIRD CAUSE OF ACTION

77.     Plaintiff repeats and reiterates each and every allegation contained in the

foregoing paragraphs of this Complaint as if set forth fully herein.

78.     Corporate Defendant discriminated against Plaintiff by terminating Plaintiff from

employment because of she engaged in a protected activity with respect to her disability and/or

the disability of an individual with whom she was associated.

79.     By engaging in such retaliation, Corporate Defendant violated the Americans with

Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.

80.     As a proximate result of Corporate Defendant's retaliatory acts, Plaintiff has

suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of

future earnings, the loss of other employment benefits and mental anguish and emotional distress

in an amount to be proved at trial.

AS AND FOR A FOURTH CAUSE OF ACTION

81.     Plaintiff repeats and reiterates each and every allegation contained in the

foregoing paragraphs of this Complaint as if set forth fully herein.

82.     Defendants Schneider and Armstrong are subject to individual liability for their

discriminatory actions under New York Executive Law § 296(6).

83.     Defendants discriminated against Plaintiff by terminating Plaintiff from employment because she engaged in a protected activity with respect to her disability and/or the disability of an individual with whom she was associated.

84.     Defendants Schneider and Armstrong aided and abetted such retaliation.

85.     By engaging in such retaliation, Defendants violated the New York Executive Law §§ 292 and 296 et seq.

86.     As a proximate result of Defendants' retaliatory acts, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

<u>JURY TRIAL DEMAND</u>

87.     Plaintiff requests a jury trial in this matter.

WHEREFORE, Plaintiff requests judgment:

i.      Granting her actual damages in an amount to be determined at trial for lost wages and benefits, including an award of front pay;

ii.     Granting her compensatory damages in an amount to be determined at trial for the emotional distress suffered as a direct result of Defendants' discriminatory and retaliatory actions;

iii.    Granting her punitive damages under the Americans with Disabilities Act of 1990 against Corporate Defendant for its intentional and bad faith violations of the Americans with Disabilities Act of 1990;

iv.     Granting her costs, pre and post judgment interest, and reasonable attorney's fees and costs; and

v.       Granting her such other and further relief as seems just and proper to the Court.

Dated:   Rhinebeck, New York
         September 14, 2020

                                    /s Russell G. Wheeler
                                    Russell G. Wheeler (RW8995)
                                    Charny & Wheeler P.C.
                                    9 West Market Street
                                    Rhinebeck, New York 12572
                                    Tel - (845) 876-7500
                                    Fax - (845) 876-7501
                                    rwheeler@charnywheeler.com

                                    Attorneys for Plaintiff

13